**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


AR-LUCIUS LAMONT ALFORD,

        Petitioner,

v.                              **CIVIL ACTION NO. 5:11cv10**
                                      **(Judge Stamp)**


K. DeBOO,

        Respondent.


## OPINION/REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 18, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that he is actually innocent of being an armed career criminal. For relief, the petitioner requests that his sentence be vacated, that he be re-sentenced, and that an order issue for his immediate release. On February 3, 3022, the petitioner paid the $5.00 filing fee. On February 7, 2011, the respondent was ordered to show cause why the petition should not be granted. On June 3, 2011, the respondent filed a Motion to Transfer Case and Response to Show Cause.

### II. PROCEDURAL HISTORY

On February 16, 2001, a Complaint was filed against the petitioner in the United States District Court for the District of South Carolina charging him with being a felon in possession of a firearm which had been transported in interstate commerce and being an armed career criminal. The charge of being an armed career criminal resulted from the fact that he previously had been convicted of three violent felonies. A single count indictment was returned against the petitioner on March 6, 2001. [Dckt. 16-2, p.3] He entered a guilty plea on April 25, 2001. [Dckt. 16-2, p. 4] On January 16, 2002,

1

the petitioner was sentenced to a term of 188 months imprisonment, 5 years supervised release, and a $100 special assessment. [Dckt. 16-2, p. 5] On January 23, 2002, the petitioner filed a Notice of Intent to Appeal. [Id.] In his appeal, the petitioner argued that the district court should not have counted his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun as predicates for classifying him as an armed career criminal. [Dckt. 16-3, p. 1] On April 22, 1998, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction. U.S. v. Alford, 46 Fed. Appx. 217 (4th Cir. 2002) (unpublished). [Dckt. 16-3]

On September 2, 2003, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his petition, he argued: (1) the District Court lacked jurisdiction to charge, convict, and sentence him; (2) ineffective assistance of counsel at all stages; (3) ineffective assistance of counsel for failing to raise the previous restoration of his civil rights; and (4) ineffective assistance of counsel for failing to raise on appeal the issue of his stopping for a blue light. [Dckts. 16-4, 16-5] On September 30, 2004, the District Court granted the government's motion for summary judgment and dismissed the petition. [Dckt. 16-6] On September 1, 2009, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. U.S. v. Alford, 197 Fed.Appx. 254, 2006 WL 2527650 [Dckt. 16-7]

On February 3, 2009, the petitioner filed a motion under § 2244 in the Fourth Circuit Court of Appeals seeking to file a successive habeas application. The Court denied the motion on March 3, 2009. [Dckt. 16-8]

On April 8, 2009, the petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina, the district where he was then incarcerated. The petitioner argued that in light of the Supreme Court's decision in Begay v. U.S., 553 U.S. 137 (2008) and the Fourth Circuit's decision in U.S. v Roseboro. 551 F.3d 226 (4th Cir. 2009) he was entitled to have his sentence vacated and be re-sentenced without the Armed Career

2

Criminal enhancement. The petitioner specifically argued that § 2255 was inadequate and ineffective to address his claims. The petitioner also argued that his sentence violated his Fifth Amendment constitutional right to equal protection and due process. [Dckt. 16-9] By Amended Order, dated February 22, 2010, the District Court interpreted the petitioner's § 2241 petition as a challenge to his sentence which must be considered under 28 U.S.C. § 2255. Because the petitioner previously had filed a § 2255 motion which was adjudicated on the merits, the Court dismissed the petition as a successive § 2255 motion. The Court declined to issue a certificate of appealability "as petitioner has not made a substantial showing of a denial of a constitutional right." [Doc. 16-10, p. 2]

On April 17, 2009, the petitioner filed a Motion to Recall Mandate Pursuant to FRAP 41 in the Fourth Circuit Court of Appeals citing again the decisions in <u>Begay</u> and <u>Roseboro</u>. The petitioner argued that extraordinary circumstances exist such that the Circuit Court should recall it's mandate dated October 16, 2002, affirming his conviction, and reconsider his prior argument that the 1994 conviction for failing to stop for a blue light was not a violent felony and should not have been considered for the sentencing enhancement for being an armed career criminal. [Doc. 16-11]. The motion was denied on June 5, 2009. [Doc. 16-12] The petitioner filed an identical motion on July 28, 2009, which was subsequently denied on August 25, 2009. [Dckt. 16-13]

On November 29, 2010, the petitioner filed yet another Motion to Recall Mandate Pursuant to FRAP 42 in the Fourth Circuit Court of Appeals citing <u>Begay</u> and the more recent decision in <u>Chambers v. U.S.</u>, 555 U.S. 122 (2009) along with the Fourth Circuit decisions in <u>U.S. v. Rivers</u>, 595 F.3d 558 (4th Cir. 2010), <u>U.S. v. James</u>, 337 F.3d 387 (4th Cir. 2003) and <u>U.S. V. Haste</u>, 292 Fed.Appx. 249 (4th Cir. 2008 (unpublished [Dckt. 16-14] In that motion, the petitioner argued that extraordinary circumstances existed such that the Circuit Court should recall its mandate dated October 16, 2002, affirming his conviction and allow him to proceed on direct appeal so that the Court could reconsider, in light of <u>Rivers</u> and <u>Haste</u>, his prior argument that his 1994 conviction for failing to stop for a blue

light and his 1997 conviction for possessing a sawed-off shotgun were not violent felonies, thus, removing the sentencing enhancement for being an armed career criminal. [Dckt. 16-15] The motion was denied on January 14, 2011. [Dckt. 16-16] Thereafter, the petitioner filed the instant Section 2241 petition.

### III. ANALYSIS

#### A. 28 U.S.C. § 2241

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence rather than the means of execution and seeks to have his sentence modified so as to permit his immediate release. Accordingly, this is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does

4

not demonstrate that the § 2255 remedy is inadequate or ineffective.  In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy.  In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Under § 922(g)(1), it is unlawful for a convicted felon to possess a firearm.  Moreover, a person who violates § 922(g) faces a minimum fifteen year term of imprisonment if he has three prior felony convictions for crimes of violence or serious drug crimes.  See 924(e).  The petitioner has consistently contested two of the predicate offenses used to classify him as an armed career criminal. More specifically, he has maintained beginning with his direct appeal that the district court should not have counted his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun as predicates for classifying him as an armed career criminal.

In denying his appeal, the Fourth Circuit concluded that to constitute a crime of violence for purposes of § 924(e), the potential for injury is determinative.[1]  Citing United States v. Johnson, 246

---

[1]The Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or

F..3d 330, 334 (4th Cir. 2001), the Court noted its prior holding that possession of a sawed-off shotgun is a crime of violence because such a weapon has "no utility other than for committing dangerous and violence [sic] crimes and always involves a substantial risk of physical injury to another. In addition, the Court noted that it previously had found "the risk of injury to be sufficiently high to qualify convictions as predicate crimes of violence, for escape, and pick-pocketing." <u>Alford</u>, 46 Fed.Appx. At 218 (internal citations omitted). Accordingly, the Court concluded the "potential of violence that could result from the failure to stop for a blue light and the ensuing confrontation between the police officer and the occupant of the vehicle is analogous to potential for violence found in those other crimes." <u>Id.</u>

Therefore, at the time of conviction, the settled law of the Fourth Circuit established the legality of the petitioner's ACCA conviction. However, in 2009, the United States Supreme Court held that the generic crime of failing to report to a penal institution did not qualify as a "violent felony" under the ACCA. <u>Chambers v. U.S.</u>, 555 U.S. 122, 691, 692 (2009). In light of the Supreme Court's decision in <u>Chambers</u>, the Fourth Circuit held that "under no circumstances is a violation of South Carolina's blue light statute a violent felony under the ACCA." <u>U.S. v. Rivers</u>, 595 F.3d 558, 560 (4th Cir. 2010). Moreover, the Fourth Circuit subsequently determined that "possession of a sawed-off shotgun is not a 'violent felony' for purposes of the Armed Career Criminal Act..." <u>U.S. v. Ross</u>, 2011 WL 894301 (4th Cir. 2011)(unpublished) <u>citing</u> <u>U.S. V. Hood</u>, 628 F.2d 669 (4th Cir. 2010). It would appear that the <u>Rivers</u> and <u>Ross</u> cases reflect a substantive change of law which **may** demonstrate that the conduct involved in the petitioner's 1994 conviction for failing to stop for a blue light and 1977

_____

(ii) is burglaryy, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential fisk of physical injury to another[.]

conviction for possessing a sawed-off shotgun are no longer criminal acts  Additionally, those changes occurred after his direct appeal and first section 2255 motion.  Because these cases do not establish a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," the petitioner cannot satisfy the "gate-keeping" requirements of sections 2255, and the petitioner appears to have satisfied the "savings clause" of section 2241.

## B. Respondent's Motion to Transfer

The undersigned notes that the petitioner has not requested transfer of his claim to the District of South Carolina where he was tried, convicted and sentenced. He instead has asked this Court to vacate his ACCA sentence enhancement, re-sentence him, and grant him immediate release. For the reasons set forth below, the undersigned recommends that the petitioner's request in this regard be denied, and the case transferred to the District of South Carolina.

Courts are virtually unanimous in their recognition that the original sentencing court is the preferred forum for addressing the merits of a claim which attacks the validity of a conviction and/or sentence. Indeed, one of the reasons Congress enacted section 2255 was to alleviate the "difficulties in obtaining records and taking evidence in a district far removed from the district of conviction." In re Jones, supra at 332, citing U.S. v. Hayman, 342 U.S. 205 (1952). Furthermore, in addition to the practical difficulties presented by litigating the validity of convictions far from the relevant court records and witnesses, there is also the more fundamental question as to whether the issues normally raised in a challenge to a conviction and sentence are ones over which the district of incarceration has jurisdiction.   Indeed, even if the judgment of the United States District Court for District of South Carolina could be vacated by this Court, the question would remain whether this Court has the authority to re-sentence the petitioner, should the law allow such re-sentencing.  Furthermore, to the petitioner's detriment, his conviction would remain a matter of public record in the district of

conviction with potential collateral consequences, and the Government would lose the opportunity to present record evidence beyond that which is presently available to this Court regarding the conduct upon which he was convicted. The question remains, however, as to the proper method of transferring this case to the District of South Carolina.

A review of other jurisdictions sheds some light on the matter. In some instances, District Courts have simply transferred section 2241 petitions outright to the districts of conviction based on the simple recognition that such a transfer "is consistent with the dichotomy that Congress established between the responsibilities of the sentencing court and those of the court in the district of incarceration." Conley v. Crabtree, 14 F.Supp. 2d 1203, 1207 (D.Or. 1998).[2] Likewise, the Middle District of Pennsylvania effected a straightforward transfer of a section 2241 petition to the Western District of North Carolina, where the petitioner had been convicted and sentenced. See Alamin v. Gerlinski, 30 F. Supp.2d 464 (M.D. Pa. 1998). After the Fourth Circuit refused his request to file a second section 2255 petition, the petitioner filed a section 2241 petition where he was incarcerated. Noting that there was a "factual dispute" between the parties as to whether the petitioner was "really innocent" of the Section 924(c)(1) conviction, the District Court for the Middle District of Pennsylvania, citing the Conley case, transferred the petition to the Western District of North Carolina:

> The witnesses,...the lawyers, the record and other evidence relevant to this issue are either in the district of conviction or closer to it than to the Middle District of Pennsylvania. This petition should therefore be transferred to the Western District of North Carolina.

Id. at 468. Upon transfer, the Western District of North Carolina granted the writ of habeas corpus

---

[2]The Conley Court concluded that the district of confinement where the section 2241 petition is filed should make the "threshold determination" of whether a petition falls '"within the narrow class of cases" where a section 2241 petition is the appropriate mechanism to challenge the validity of a conviction and sentence." Id. at 1206.

pursuant to section 2241, set aside the conviction, and vacated the sentence which had been imposed for the violation of Section 924(c)(1). Alamin v. Zerlinski, 73 F.Supp. 2d 607, 612 (W.D.N.C. 1999).

Although this method proved successful in the Conley and Alamin cases, and perhaps in others, a potential problem is presented by the language of the transfer statute, which provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court **where it might have been brought**." Title 18 U.S.C. Section 1404(a). (emphasis added). Since a prisoner can only bring a Section 2241 claim in the district of incarceration, at least one Court has held that Section 1404(a) will not support a transfer to another jurisdiction. See Lee v. Wetzel, 2414 F.3d 370 (5th Cir. 2001).[3]

The Third Circuit has adopted a different approach to handling situations such as the one facing this Court. Specifically, that Circuit has used the All Writs Act to resolve potential jurisdictional issues in transferring a section 2241 petition to the district of conviction. See In re Nwanze, 242 F.3d 521 (3rd Cir. 2001). In that case, Nwanze filed a section 2241 petition in the Western District of Pennsylvania, where he was confined. The Court, stating that it was "persuaded by the logic of the Alamin example, found that "resort to section 2241 relief was warranted" and transferred the petition to the Eastern District of Pennsylvania. Nwanze v. Hahn, 97 F.Supp.2d 665, 671 (W.D. Pa. 2000).

Nwanze then appealed the transfer to the Third Circuit. Acknowledging that although Nwanze should ordinarily challenge his conviction in the sentencing court rather than the Court in the district where he was confined, the "gate-keeping" provisions in section 2255 had "foreclosed that possibility" as evidenced by the fact that the Fourth Circuit had already denied him authorization to file a second or successive 2255 motion. "[I]f the gate closed by section 2255 somehow could be opened in the

---

[3]"[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's section 2241 petition." Id. at 373.

Eastern District of Virginia, Nwanze should seek relief there, as that exercise of jurisdiction would be in harmony with the congressional jurisdiction scheme in sections 2241 and 2255." Id. at 525. "One way to open the gate, albeit indirectly, would be to allow the petitioner to seek habeas corpus relief under section 2241." Id. In that regard, the Court stated that although transfer of such a case would certainly be "in furtherance of the convenience of the parties," it nonetheless did not believe that the district of confinement could transfer a section 2241 petition to the district of conviction and have it thereafter continue to be treated as a section 2241 petition in the sentencing District:

> We have serious doubt that the transfer of the case can be justified on the theory that Nwanze could have brought his habeas corpus petition in the district court in the Eastern District of Virginia, and if not, it would be difficult to justify the transfer order on that basis.

Id. at 525 (citations omitted). Determining that it need not "be overly concerned with the limitations on transfer in Section 1404(a)," the Court relied upon the "plausible argument that as Nwanze had no other remedy in the District of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the District Court's exercise of jurisdiction under the All Writs Act, to grant him a Writ of Error *Coram Nobis*," Id. (Citations omitted) Title 28 U.S.C. § 1651(a). Based on its good faith belief that the Eastern District of Virginia would exercise its jurisdiction, consider Nwanze's petition on the merits, and "follow the logic" of the cases allowing *coram nobis*, the Court stated that: "If such be the case, then the District Court in the Western District of Pennsylvania would not have transferred the case to a court without jurisdiction." Id.

More recently, the District Court for the District of New Jersey also transferred a section 2241 petition to the district of conviction by construing it as a petition under the All Writs Act. See Short v. Shultz, 2008 WL 305594 (D.N.J.). The Court specifically relied upon the Nwanze case and its use of the All Writs Act to effect a transfer of Short's claim to the district of conviction.

Accordingly, as set forth above, courts have successfully transferred section 2241 petitions to the appropriate districts of conviction using the All Writs Act. Title 28 U.S.C. Section 1651. That Act grants authority to district courts to entertain and issue "all writs necessary in aid of their respective jurisdiction and agreeable to the usages and principles of law." Id. While Rule 60e of the Federal Rules of Civil Procedure expressly abolished several common law writs in civil proceedings, including *coram nobis* and *audita querela*, the Supreme Court has nonetheless recognized and upheld the continued availability of the writ of error *coram nobis* in criminal cases as a remedy for the most fundamental of error, where no other remedy is available, and where valid reasons exist for the petitioner's failure to seek relief earlier. See United States v. Morgan, 364 U.S. 502, 512-513 (1954).

In the Fourth Circuit, individuals may pursue both a writ of *coram nobis* and writ of *audita querela*. Hannan v. U.S., 402 F.Supp.2d 679, 683 (E.D.Va. 2005). Indeed, the Court upheld the use of *coram nobis* to vacate mail fraud convictions when an intervening Supreme Court decision resulted in a "dispositive change in federal law." United States v. Mandel, 862 F.2d 1067, 1076-79 (4th Cir. 1988) cert. denied, 491 U.S. 906 (1989) citing McNally v. United States, 483 U.S. 350 (1987); United States v. Shamy, 986 F.2d 743 (4th Cir. 1989). Thus, *coram nobis* is available where a petitioner has been convicted [and punished] for an act that the law does not make criminal. Id.

Accordingly, the undersigned believes that the Court should treat the petition herein as a *coram nobis* petition under the All Writs Act and transfer it to the District of South Carolina. While the petitioner could not have brought a section 2241 petition there, he certainly could have filed a petition for a writ of *coram nobis*. A transfer is therefore sustainable under Section 1404(a) because the Court is treating the Petition under the All Writs Act as a *coram nobis* petition, and by so construing it, is transferring it to the district in which it could and should have been filed. The decision as to whether to accept such a transfer is ultimately that of the District of South Carolina. Likewise, it is up to the

District of South Carolina whether it will actually address the merits of the petitioner's claims.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion (Dckt. 15) be **GRANTED**, and the petitioner's Petition for Writ of Habeas Corpus be construed as Petition Under the All Writs Act as a Writ of Error Coram Nobis and transferred to the District of South Carolina.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1);  Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last know address as reflected on the docket sheet and provide a copy to counsel of record by electronic means.

DATED: July 20, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE